# astrachan gunst thomas

a professional corporation
attorneys at law

217 east redwood street
21st floor
baltimore, maryland 21202
410.783.3550
410.783.3530 fax

washington, dc

www.agtlawyers.com

Writer's direct contact:
410.783.3547
hmstichel@agtlawyers.com
Reply to Baltimore Office

April 22, 2018

**VIA EMAIL**
Lucius T. Outlaw, III
Senior Litigation Counsel
Office of the Federal Public Defender
District of Maryland
Tower II, 9th Floor
100 South Charles Street
Baltimore, Maryland 21201-2705

> Re:   *United States v. Oaks,*
> Crim. No. 17-00288-RDB
> United States District Court for the District of Maryland
>
> *Nancy Lewin, et al. v. Linda H. Lamone, etc.*
> Case No. C-02-CV-18-001013
> Circuit Court for Anne Arundel County, Maryland

Dear Mr. Outlaw:

I am writing regarding your April 11, 2018, letter to Judge Bennett.

I represent three voters in Maryland Legislative District 41 who have filed an action in the Circuit Court for Anne Arundel County to require that the Maryland State Board of Elections remove the name of Nathaniel T. Oaks from the ballot for the Democratic Party Primary Election that is scheduled to be held on June 26, 2018. On Friday, April 20, 2018, the Circuit Court for Anne Arundel County denied my clients' motion for a preliminary injunction. Judge Glenn L. Klavans indicated during his oral decision from the bench that he agreed with my clients' position that the early freezing of the election ballot and the State Board's refusal to remove the name of a disqualified candidate from the ballot potentially was a constitutional violation. When weighing the balance of convenience between the parties, Judge Klavans also stated that the potential risk of voter disenfranchisement caused by having Mr. Oaks' name on the ballot far outweighed the administrative burden of changing the ballot. However, given that Mr. Oaks is not *currently* disqualified, Judge Klavans held that he was constrained from granting the relief my clients sought.

Article 1, Section 12 of the Maryland Constitution provides that a person is ineligible to enter upon the duties of or continue to serve in an elective office if a person ceases to be a registered voter. The State Board of Elections takes the position that Mr. Oaks remains a qualified registered voter notwithstanding his guilty plea on March 29, 2018, and the near certainty that he will be incarcerated at the time of the 2018 General Election because he currently is not incarcerated. *See*

Lucius T. Outlaw, III
April 22, 2018
Page 2

**astrachan** gunst **thomas**

Maryland Code, Eletcion Law, §3-102(b)(1). However, should Mr. Oaks request that his voter registration be cancelled, he immediately would become disqualified. *See* Maryland Code, Election Law §3-501(1).

On Friday evening, I emailed you and informed you that my clients would be contacting Mr. Oaks to ask that he request that his name be removed from the voter registration list immediately. My clients have been unable to contact Mr. Oaks directly and I have not had a response from you to my email. **Thus, I now am writing to you to formally request that Mr. Oaks take immediate steps to remove his name from the voter registration list.**

On April 11, 2018, you stated in your letter to Judge Bennett:

> Mr. Oaks and defense counsel are still pursuing recourse outside of the Board of Elections to remove Mr. Oaks' name from the ballot, including supporting an emergency petition filed in the Circuit Court for Anne Arundel County that seeks to have Mr. Oaks' name removed from the primary ballot. See Ex. 1. The complaint in that action includes an affidavit from Mr. Oaks consenting to have his name removed from the ballot. *Id.* at Exhibit 1 to the Complaint.[1]
>
> While the action in Anne Arundel proceeds, and while **Mr. Oaks continues to explore and support other means of removing his name from the primary ballot**, Mr. Oaks, in the meantime has authorized me to convey to the Court that:
>
> > (1)  he has suspended any campaign efforts for the primary and general elections;
> >
> > (2)  if he wins the primary election, he will immediately decline/resign the nomination; and
> >
> > (3)  he is taking steps to communicate (1) and (2) above to the voters of District 41.
>
> (Emphasis added.)

My clients intend to continue their efforts to remove Mr. Oaks' name from the ballot. Mr. Oaks' requesting that his name be removed from the voter registration list would aid significantly my clients' efforts to have his name removed from the ballot. Should Mr. Oaks refuse to do so, it

---

[1] *See Harpool v. Baltimore City Elections Board*, Circuit Court for Anne Arundel County. Counsel in the *Harpool* action has moved to consolidate the case with *Lewin v. Lamone*. However, the motion has not been granted yet.

Lucius T. Outlaw, III
April 22, 2018
Page 3

**astrachan gunst thomas**

would belie the representation emphasized above that you made in your April 11 letter to Judge Bennett.

I look forward to the courtesy of a prompt response to my letter no later than tomorrow morning (*i.e.*, Monday, April 23). Should Mr. Oaks agree to request that his name be removed from the voter registration list, my clients will move for reconsideration of Judge Klavans' denial of their motion for a preliminary injunction. Should Mr. Oaks refuse, my clients will notice an appeal to the Court of Appeals of Maryland and ask for relief upon the record as it currently exists. The State Board of Elections has indicated at the preliminary injunction hearing on Friday that it intends to begin the process of printing ballots tomorrow, Monday, April 23, 2018. Thus, time is of the essence.

Sincerely,

H. Mark Stichel

cc:   The Honorable Richard D. Bennett
      and all counsel in *United States v. Oaks* (via ECF)

      Andrea Trento, Esquire (via email)