3 Overhill Road
Baltimore, MD 21218
July 13, 2018

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2018 JUL 13 PM 3:00

CLERK'S OFFICE
AT BALTIMORE

BY_____DEPUTY

The Hon. Richard D. Bennett
District Judge
Chambers 5D
U.S. District Court of Maryland
101 West Lombard Street
Baltimore, MD 21201

RE: USA v. Nathaniel T. Oaks
1:17-cr-00288-RDB

Dear Judge Bennett:

    I am writing to respectfully request that the court reconsider its decision to seal the sentencing memoranda filed this week by the defense and prosecution in the above referenced case involving former state Sen. Nathaniel T. Oaks. I am making this request as a credentialed member of the press, a reporter for *Maryland Matters*, who for months has covered the Oaks case, including his March 29, 2018, guilty plea in your courtroom.

    I am not a lawyer, so I trust you will not find this presumptuous of me to interpose myself in a federal criminal case as a third party, but I feel it my duty as a surrogate for the public to object to the sealing of the memoranda. Here's why: Mr. Oaks is a public figure who used the color of his elective office to elicit bribes and thus violated the public trust. He was the subject of a federal investigation into political corruption by public officials in the state of Maryland – a probe in which he allegedly agreed at one point to cooperate with investigators, only to allegedly reveal the investigation to possible targets, initially unbeknownst to federal agents. Public money was spent to investigate this case, prosecute this case and even to defend Mr. Oaks in this case.

    Attorneys for the defense on July 9, 2018, filed a sentencing memorandum with 18 exhibits (ECF No. 108). The same date, counsel filed a motion to seal a "Supplemental Sentencing Memorandum" (ECF No. 109), which supposedly contained "confidential health information." The next day, July 10, 2018, your honor signed the order to seal the "Supplemental Sentencing Memorandum" (ECF No. 111).

    It is unclear where or when the defense's *original* Sentencing Memorandum was filed. There is no record of such a filing in the PACER electronic case file.

    On July 11, 2018, the prosecution filed a sentencing memorandum with 15 exhibits (ECF No. 112). That, too, is sealed, though there is no motion or order in the PACER electronic file to support its being sealed.

    Another factor for your consideration is that on July 10, 2018, *The Sun* newspaper published an article detailing the information included in the defense's "171-page sentencing memorandum filed this week." Included in the defense filing, according to *The Sun* account,

were letters from five former state legislators and a former Baltimore police commissioner. The *Sun* article goes on to report that the defense also filed a "supplemental sentencing memorandum under seal" because it contained "confidential health information about Oaks."

At no point in the *Sun* article is there a mention of the "sentencing memorandum" being sealed.

On July 12, 2018, The Sun published another article – this one about the prosecution's sentencing memorandum and its recommendations to the court. At no point in the second article is there any mention of the prosecution's sentencing memorandum being sealed.

I realize that the court generally does not concern itself with what may or may not be published in the press, but in this case, I believe it important to bring to your honor's attention because the files apparently were available to the public for a very small window of time before being sealed.

Today, July 13, 2018, the defense filed a "second supplemental sentencing letter" (ECF No. 113)– yet unsealed -- taking issue with the prosecution's recommendations for a prison term for Mr. Oaks.

It is unclear to me why any sentencing memoranda or letters would be sealed, given that they are filed to bolster points to be made in oral arguments by both sides in open court for your honor's consideration on the day of sentencing.

For this reason, I am taking the extraordinary step of respectfully asking the court to reconsider its earlier decision and order the sentencing memoranda filed by the defense and prosecution unsealed in this very important case involving a violation of the public trust by a public official.

As you know, time is of the essence in this matter, as the sentencing of Mr. Oaks is scheduled before your honor at 11 a.m., Tuesday, July 17.

Should you have any concerns or questions, please feel free to contact me on my cellphone, 410-960-9377, or by e-mail, bzorzi@marylandmatters.org.

Thank you for your time, consideration and attention to this matter.

Sincerely,

William F. Zorzi
Reporter
Maryland Matters