IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| v. | * | Criminal No. RDB-17-0288 |
| NATHANIEL THOMAS OAKS, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM ORDER

The Defendant Nathaniel Thomas Oaks ("Defendant" or "Oaks"), a former State Senator representing the City of Baltimore in the Maryland General Assembly, pled guilty on March 29, 2018 to charges of fraud in connection with his corrupt use of public office in a bribery scheme. In July of 2018, he was sentenced to a 42-month term of imprisonment to be followed by a three-year period of supervised release. He has been in federal custody since September 17, 2018 and has therefore served over 21 months of his 42-month sentence. Oaks is now 73 years of age, suffering from a series of serious medical conditions, including diabetes, hypertension, asthma, anemia, hyperlipidemia, and arthritis. These medical conditions place him at a significant risk of severe complications in light of the COVID-19 Pandemic. He seeks compassionate release from incarceration at the Federal Correctional Institution ("FCI") Petersburg Low in Hopewell, Virginia. (ECF No. 133.) The Government has graciously indicated no express objection to his request and has deferred to this Court. (ECF No. 141) (*SEALED*). The sentence imposed in this case was not intended to endanger his life, and accordingly his request for compassionate release shall be GRANTED.

Oaks's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) has been supplemented by *pro bono* counsel. (ECF No. 136). The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2018). For the reasons stated herein, Oaks's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (ECF Nos. 133, 136) is GRANTED, subject to conditions set forth below, including electronically monitored home detention for the first twenty-one months of a three-year period of supervised release. In addition, Oaks shall refrain from the use of alcohol and submit to regular alcohol testing or monitoring during the three-year period of supervised release.

## BACKGROUND

On May 31, 2017, the grand jury for the District of Maryland returned a 9-count Indictment against Oaks, charging him with three counts of wire fraud under 18 U.S.C. § 1343, one count of honest services wire fraud 18 U.S.C. §§ 1343 and 1346, and five counts of Travel Act violations under 18 U.S.C. § 1952. (Indictment, ECF No. 16.) The charges stemmed from an alleged scheme by which Oaks, then a Senator in the Maryland General Assembly, agreed to assist a purported real estate developer—an undercover FBI agent—in pursuing development projects in Baltimore. On November 15, 2017, Oaks was charged in a Superseding Indictment, adding a tenth count for obstruction of justice under 18 U.S.C. § 1512(c)(2). (Superseding Indictment, ECF No. 31.) On March 29, 2018, Oaks pled guilty to Count III (wire fraud) and Count IV (honest services wire fraud) of the Superseding Indictment. (Arraignment, ECF No. 97; Plea Agreement, ECF No. 98.)

On July 17, 2018, this Court imposed a sentence of 42 months of incarceration. (J&C, ECF No. 120.) The parties stipulated that a base offense level of 32 applied pursuant to U.S.S.G. § 3D1.4. (Plea Agreement ¶ 6(c), ECF No. 98.) A 2-level reduction for acceptance of responsibility resulted in a total offense level of 30 and a criminal history category of I applied. (*Id.* ¶ 6(e); PSR ¶¶ 4, 71, ECF No. 105.) The offense level of 30 and criminal history category of I produced a Guidelines range of 97 to 121 months of incarceration. (Statement of Reasons, ECF No. 121 at 2.) Ultimately, this Court imposed a 42-months sentence for Count III and the same for Count IV, with the sentences to run concurrently, followed by a three-year period of supervised release. (J&C, ECF No. 120.)

Oaks is currently incarcerated at FCI Petersburg Low. On May 4, 2020, Oaks submitted a Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c), which has been supplemented by *pro bono* counsel. (ECF Nos. 133, 136). The Government submitted a letter expressing no objection to Oaks's Motion and "defer[ring] to the Court regarding the defendant's request for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i)." (ECF No. 141) (*SEALED*). The Government did request, if the Court orders release of Oaks, that it impose a period of 21 months of electronically monitored home detention and that Oaks refrain from alcohol use and submit to alcohol testing during his three-year supervised release period. (*Id.*)

## ANALYSIS

The First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194, established significant changes to the procedures involving compassionate release from federal prison. Before the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i) provided the Bureau of Prisons ("BOP") with sole

discretion to file compassionate release motions with the Court. With the passage of the First Step Act, defendants are now permitted to petition federal courts directly for compassionate release whenever "extraordinary and compelling reasons" warrant a reduction in sentence. The Act permits a defendant to seek a sentence reduction after he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the Defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Once these mandatory conditions are satisfied, this Court may authorize compassionate release upon a showing of "extraordinary and compelling reasons" and after weighing the factors presented in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A)(i).

    **I.   Administrative Exhaustion Requirements.**

There is no dispute that Oaks has satisfied the administrative exhaustion requirements of 18 U.S.C. § 3582(c)(1)(A). On April 6, 2020, Oaks submitted a request to reduce his sentence to the Warden of FCI Petersburg Low. (ECF No. 138-1) (*SEALED*). The Warden denied the request on April 30, 2020. (ECF No. 138-2) (*SEALED*). Oaks filed the instant Motion for Compassionate Release on May 4, 2020 and appealed the Warden's denial on May 10, 2020, with no response received to date. (ECF No. 138-3) (*SEALED*). Accordingly, the thirty-day waiting period has now expired and Oaks may pursue relief in this Court. *See United States v. Underwood*, No. TDC-18-0201, 2020 WL 1820092, at *2 (D. Md. Apr. 10, 2020) ("a prisoner must exhaust the administrative appeal process, or wait 30 days, before his claim may be considered.").

    **II.   Extraordinary and Compelling Reasons.**

Oaks has presented extraordinary and compelling reasons justifying his release from incarceration. The United States Sentencing Commission is charged with defining "what should be considered extraordinary and compelling reasons for sentence reduction" under § 3582(c)(1)(A). 28 U.S.C. § 994(t). Of relevance here, the Commission has determined that "extraordinary and compelling reasons" exist where a defendant is "suffering from a serious physical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A). Similarly a defendant who is "(i) at least 65 years of old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years of 75 percent of his or her term of imprisonment, whichever is less" presents extraordinary and compelling reasons to release. U.S.S.G. § 1B1.13 cmt. n.1(B). Finally, the Sentencing Commission has authorized the Bureau of Prisons to identify other extraordinary and compelling reasons "other than, or in combination with" the reasons identified by the Commission. *Id.* § 1B1.13 cmt. n.1(D).

Although potentially useful guides, neither the Sentencing Commission's guidelines nor the Bureau of Prisons' regulations constrain this Court's analysis. As Judge Blake of this Court has recognized, the First Step Act embodies Congress's intent to reduce the Bureau of Prison's authority over compassionate release petitions and authorizes the district courts to exercise their "independent discretion to determine whether there are 'extraordinary and compelling reasons' to reduce a sentence." *United States v. Bryant*, CCB-95-0202, 2020 WL 2085471, at *2 (D. Md. Apr. 30, 2020). Accordingly, this Court may find "extraordinary and compelling

reasons" justifying a sentence reduction in circumstances which have not been identified by the Sentencing Commission or the Bureau of Prisons.

Oaks's circumstances closely resemble the circumstances described in U.S.S.G. § 1B1.13 cmt. n.1(A) and (B). Oaks is 73 years of age and suffers from a host of serious medical conditions, namely: Type II diabetes, hypertension, asthma, anemia, hyperlipidemia, and arthritis. (ECF Nos. 138-4, 138-5, 138-6 (*SEALED*).) Finally, Oaks has already served roughly half of his sentence. Although Oaks may not precisely fit within the criteria identified by the Sentencing Commission, his age, medical conditions, and term of confinement nevertheless produce extraordinary and compelling reasons warranting release from incarceration. Such a finding is especially warranted in light of the ongoing COVID-19 Pandemic.

Oaks's medical conditions place him at greater risk of developing severe complications from a potential spread of COVID-19 within FCI Petersburg Low. The Bureau of Prisons reports that 1 staff member of FCI Petersburg Low has recovered from COVID-19.[1] As acknowledged by Attorney General William Barr in his March 26, 2020 memorandum to the Director of the BOP, COVID-19 poses unique risks to elderly and vulnerable inmates like Oaks. *See* Dep't of Justice, Office of the Attorney General, *Memorandum for Director of Bureau Prisons* (Mar. 26, 2020), https://www.themarshallproject.org/documents/6820452-Memorandum-from-Attorney-General-to-BOP-re-Home. Attorney General Barr urged the BOP Director to prioritize home confinement for vulnerable inmates "who are non-violent and pose minimal likelihood of recidivism." *Id.* These criteria apply directly to Oaks.

---

[1] Bureau of Prisons, *COVID-19 Cases*, https://www.bop.gov/coronavirus/.

In response to an increasing number of compassionate release motions due to COVID-19, district courts have increasingly granted such motions when it is clear that COVID-19 poses an extraordinary and compelling reason for release of a particularly vulnerable, non-violent defendant. *See, e.g., Wise v. United States*, No. ELH-18-72, 2020 WL 2614816 (D. Md. May 20, 2020) (granting compassionate release and reducing defendant's sentence to time served and home detention where 60-year-old defendant suffered from Type II diabetes, hypertension, asthma, arthritis, heart disease, kidney disease, and gout); *United States v. Gray*, No. RDB-16-0364, ECF No. 480 (D. Md. June 4, 2020); *United States v. Foster*, No. 1:14-cr-423-02, Dkt. No. 191 (M.D. Pa. Apr. 3, 2020) (granting release of defendant whose lung disease "may very well equate a COVID-19 diagnosis with a death sentence"); *United States v. Colvin*, Criminal No. 3:19cr179-JBA, 2020 WL 1613943 (D. Conn. Apr. 2, 2020) (granting compassionate release of defendant with "diabetes, a 'serious…medical condition,' which substantially increases her risk of severe illness if she contracts COVID-19."). Oaks's case falls directly in line with these cases warranting compassionate release.

### III.   Application of 18 U.S.C. § 3553(a).

Before imposing a reduction in sentence, this Court must consider the factors set forth in 18 U.S.C. § 3553(a) "to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). Accordingly, this Court must consider (1) Oaks's personal history and characteristics; (2) his sentence relative to the nature and seriousness of his offense; (3) the need for a sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public; (4) the need for rehabilitative services; (5) the applicable

7

guideline sentence; and (6) the need to avoid unwarranted sentencing disparities among similarly-situated defendants. *See Bryant*, 2020 WL 2085471 at *4.

Oaks's personal characteristics weigh in favor of a reduction in sentence to time served. Oaks's crimes of wire fraud and honest services wire fraud were non-violent. The Amended Presentence Investigation Report (ECF No. 127) reflects that Oaks has one prior conviction in 1990 for theft and misconduct in office, a conviction which did not involve violence, a weapon, or illegal drugs. He has incurred a single infraction while incarcerated which also did not involve violence. (See ECF No. 138-7 (*SEALED*).) At 73 years of age and suffering from a variety of serious medical conditions, it is highly unlikely that Oaks will commit another serious crime. U.S.S.C., *Measuring Recidivism: The Criminal History Computation of the Federal Sentencing Guidelines* 12 (2004); *see also* U.S.S.C., *The Effects of Aging on Recidivism Among Federal Offenders* (2017). Furthermore, reducing Oaks's sentence to time served will not produce unwarranted sentencing disparities as Oaks was the sole Defendant in this case.

Finally, Oaks still owns his childhood home in Baltimore, Maryland and will receive support from his brother, Glover Oaks,[2] upon his release. While repairs are being done to Defendant Oaks's home, he intends to live with Glover Oaks, with whom he has a close relationship. Glover Oaks and his wife, Teresa Oaks, have lived in their home in Baltimore, Maryland for the past 20 years. Glover Oaks retired in 2010 after working for 42 years as a

---

[2] It is unclear whether Oaks's brother's name is "Glover Oaks," as identified in the Supplemental Motion for Compassionate Release (ECF No. 138 (*SEALED*)) or "Grover Oaks," as identified in the Presentence Investigation Report (ECF No. 105). The Court will refer to Oaks's brother as "Glover Oaks" as that is the most recent identification in the record.

supervisor in Baltimore City's towing division. Accordingly, Defendant Oaks has a release plan in place that will provide him with a stable residence and the medical care that he needs.

## CONCLUSION

Accordingly, for the reasons stated above, it is HEREBY ORDERED this 23rd day of June, 2020, that Defendant Oaks's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (ECF Nos. 133, 136) is GRANTED, subject to the following conditions:

1. Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), the Defendant Nathaniel Oaks's term of incarceration is reduced to time served, such that he is released from the custody of Bureau of Prisons as soon as the terms of this Order can be implemented;

2. Prior to his release from custody, the Bureau of Prisons is directed to place the Defendant Nathaniel Oaks in quarantine for a period of 14 days and to evaluate him for the purposes of receiving a medical clearance;

3. Upon the expiration of the 14-day quarantine period and receipt of a medical clearance, the warden of FCI Petersburg Low shall forthwith release from custody the person of the Defendant, Nathaniel Oaks;

4. Defendant Nathaniel Oaks shall be on supervised release status for a period of three years on the terms and conditions previously set, with the following additional conditions:

    a. Subject to approval by the U.S. Probation Office, Oaks shall live with his brother, Glover Oaks, in Baltimore, Maryland, as proposed in Oaks's Motion (ECF No. 138 at 20);

    b. Oaks shall be placed on a period of electronically monitored home detention for twenty-one months, subject to the Court's ordinary and usual terms;

    c. As an additional condition of supervised release, Oaks shall refrain from the use of alcohol and submit to regular alcohol testing or monitoring during his three-year period of supervised release;

    d. Oaks shall comply with all directives of federal, state, and local governments related to public health, including COVID-19.

5. While traveling from FCI Petersburg Low to his residence, Defendant Nathaniel Oaks will isolate himself to the best of his ability. Upon reaching his residence, Defendant Nathaniel Oaks shall observe all applicable stay-at-home orders; and

6. Pretrial/Probation will review the conditions of release with Defendant Nathaniel Oaks.

\_\_\_\_\_/s/_____
Richard D. Bennett
United States District Judge